IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| PAM BRIONES, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-08-48 |
| | § | |
| SMITH DAIRY QUEENS, LTD., d/b/a | § | |
| DAIRY QUEEN | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's First Motion for Leave to File Counter Claim and Third Party Claim (Dkt. No. 31), to which Plaintiffs have responded. After considering the parties' arguments and the applicable law, the Court is of the opinion that Defendant's motion should be denied.

## Background

As stated previously by the Court, *see* Dkt. No. 17, the events giving rise to this dispute are not complex: Plaintiffs claim that employees of a Dairy Queen in Hallettsville, Texas refused to serve them based on their ethnicity. The plaintiff-patrons are high-school students who at the time of the underlying events were returning home from a scholastic track meet at Sam Houston State University, located in Huntsville, Texas. There, Plaintiffs participated in the track meet on behalf of the Webb Consolidated Independent School District ("Webb CISD"). Based on Defendant's alleged discriminatory behavior, Plaintiffs filed suit pursuant to 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq. See* Dkt. No.1.

Defendant now comes before the Court seeking permission to amend its pleadings in order to add two causes of action, one of which would be aimed at Plaintiffs, as Counter-Defendants, and

both of which would be applied to Webb CISD, as Third-Party Defendant. Specifically, Defendant seeks to add and pursue claims of 1) abuse of process against Plaintiffs and Webb CISD and 2) maintenance against Webb CISD based on the general allegation that Webb CISD "goaded" Plaintiffs into pursuing this action. Dkt. No. 31. In support of its claims, Defendant alleges that Plaintiffs were hesitant to pursue a lawsuit in this matter before their communications with Webb CISD officials; Webb CISD communicated with Plaintiffs during the early stages of this case; Webb CISD contacted and introduced Plaintiffs to Webb CISD's attorneys; and Webb CISD agreed to pay the attorneys' legal fees and otherwise fund this lawsuit. *Id.* Defendant also alleges that the lawsuit is factually frivolous and Plaintiffs "cannot explain why this alleged incident warrants a federal lawsuit." *Id.*

## Legal Standard

The Federal Rules of Civil Procedure set forth a liberal policy in favor of permitting amendment of pleadings, and district courts are not to deny such amendments absent "a substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x. 205, 208-09 (5th Cir. 2006) (unpublished); *see also Caudle Aviation, Inc. v. Hartford Fire Ins. Co.*, Civ. A. No. 06-4653, 2007 WL 60993, at *1 (E.D. La. Jan. 5, 2007) (applying the relevant standards in the context of a motion to amend pleadings to assert counterclaims and third-party claims). Indeed, The Fifth Circuit has long recognized that the Federal Rules "evince[] a bias in favor of granting leave to amend." *Dussouy*, 660 F.2d at 597. Accordingly, while leave to amend "is by no means automatic," *Wimm v. Jack Eckerd Corp*., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted), courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a). When determining whether to grant a motion for leave to amend,

courts in this circuit may consider several factors including undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). The definition of futility adopted by the Fifth Circuit includes circumstances in which a proposed amendment to assert a claim would fail to state a claim upon which relief could be granted under Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).

      Third-party complaints are only to be filed against a party "who is or may be liable to [the third-party plaintiff] for all or part of the claims against it," FED. R. CIV. P. 14(a), and such complaints require that the "defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Anadarko Petroleum Corp. v. Great Plains Gas Compression, Inc.*, Civ. A. No. H-05-1949, 2007 WL 38327, at *1 (S.D. Tex. Jan. 4, 2007) (quotations and citations omitted); *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978) ("[A] third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant."); *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir.1967) ("[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim."). Courts are granted "wide discretion in determining whether to permit such third party procedure." *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir. 1984) (quotations and citations omitted). The factors applied when deciding whether to allow a third-party complaint include prejudice placed on the other parties, undue delay by the third-party

plaintiff, lack of substance to the third-party claim, and advancing the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues). 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1443 at 300-11 (2d ed. 1990) (hereinafter WRIGHT & MILLER).

Although complaints are liberally construed in favor of the complaining party, and all facts pleaded therein must be taken as true, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002), complaints "must provide the [complaining party's] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1964-65 (2007)). Consequently, a complaining party's burden to provide the grounds of his entitlement to relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65.

## Discussion

### A. Defendant's Claims as they Apply to Webb CISD

Defendant's attempt to include Webb CISD in this action fails because the claims asserted against Webb CISD simply do not establish that it might be liable to Defendant for all or part of Plaintiffs' claims against Defendant. The thrust of Defendant's claims are that Webb CISD has played the role similar to that of an "officious intermeddler" by interjecting itself, for improper purposes, into the affairs of another.

Maintenance, whose ancient common law roots are closely tied to claims of champerty and barratry, "is essentially officious intermeddling in a suit in which one has no interest by assisting

a party in its prosecution." *U.S. for Use and Benefit of Balboa Ins. Co. v. Algernon Blair, Inc.*, 795 F.2d 404, 409 (5th Cir. 1986) (citing 14 C.J.S. CHAMPERTY AND MAINTENANCE § 2-3 (1939) and RESTATEMENT OF CONTRACTS §§ 540(2), 542(1) (1932)). Abuse of process, which is discussed further below as it applies to Plaintiff, occurs when a party causes the employment of process in an unwarranted, illegal, improper, or perverted manner to serve an ulterior purpose resulting in damages to the party upon which the process was served. *Preston Gate, L.P. v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App.—Dallas 2008, no pet.). The clear undercurrent of these causes of action as Defendant wishes them to apply to Web CISD is that Webb CISD fomented this suit to further some "yet undisclosed agenda." Dkt. No. 31.

Such claims, however, fail to establish any basis for making Webb CISD liable to Defendant for all or part of Plaintiffs' cause of action. Neither a claim of maintenance nor one of abuse of process requires that Plaintiff ultimately prevail as to its main claim. Although the causes of action present here—Plaintiffs' civil rights claim and Defendant's putative maintenance and abuse of process claims—factually intermingle to some extent, the prosecution of the latter is simply not contingent on the success of the former. *See Keister v. Laurel Mt. Dev. Corp.,* 70 F.R.D. 10, 13 (W.D. Pa. 1976) (holding that an abuse of process claim was insufficiently related to the main claim asserted to warrant allowing third-party impleader pursuant to Rule 14(a)). In other words, because Webb CISD's potential liability to Defendant is in no way dependent upon the outcome of the main claim and Webb CISD is not otherwise secondarily liable to Defendant, Defendant's efforts to include Webb CISD in this action are to no avail. 6 WRIGHT & MILLER § 1446, at 355-56 (observing that impleading a party via Rule 14(a) requires derivative liability by the putative third-party defendant); *see also Arrington v. Nat'l Broadcasting Co.*, 531 F. Supp. 498, 505 (D.D.C 1982)

(holding that although a third-party plaintiff maintained that a third-party defendant would eventually be liable based on its "fomenting" the action, "such liability [] is insufficient to meet the 'derivative' requirements of Rule 14(a)"). Accordingly, to the extent Defendant's motion seeks leave to file the proposed third-party complaint, it is denied.

## B. Defendant's Claims as they Apply to Plaintiffs

The only remaining claim Defendant wishes to assert is that of abuse of process against Plaintiffs. As alluded to above, to successfully bring an abuse of process claim, a party must establish 1) an illegal, improper, or perverted use of process, which is neither warranted nor authorized by the process, 2) an ulterior motive in employing such process, and 3) damages stemming from the unwarranted act. *Preston Gate*, 248 S.W.3d at 897. A recent case out of the Texas Court of Appeals, Corpus Christi Division succinctly provides the legal standards applicable to such a claim:

> In order to be an abuse, the process must have been used to accomplish an end which is beyond the purview of the process and compels a party to do collateral things that he could not be compelled to do. The crucial aspect of this tort is the improper use of process after it has been issued. In other words, the original issuance of process is justified, but the process is later used for an unintended purpose. When the process is used for the purpose for which it was intended, even if accomplished through ulterior motive, no abuse of process has occurred. The "gist" of abuse of process as a tort does not involve commencing an action or causing process to issue without justification. Rather, it involves misusing or misapplying process justified in itself for an end other than it was intended to accomplish. The purpose for which the process is used is the only thing of importance.

*Pisharodi v. Watts Law Firm, L.L.P.*, No. 13-07-665-CV, 2008 WL 3522119, at *2 (Tex. App.—Corpus Christi, Aug. 14, 2008, no pet.) (citations omitted).

Apart from the initiation of this action and the various discovery requests propounded by the parties, the Court is unaware of any process issued in this case. More importantly, no allegations or

evidence exists supporting the conclusion that the process that has taken place has compelled a party to do collateral things that it could not be compelled to do. Similarly, nothing before the Court goes toward establishing that the process has been issued in ways other than for which it was intended—the development and resolution of Plaintiffs' operative civil rights claims.

Plaintiffs' interest in this suit is clear and their initial hesitation towards filing suit is unimpressive. Despite Defendant's bold proclamation that "[i]n this very litigious society, this Nation of Victims, people know their rights without having to be 'educated' (i.e., solicited) by an attorney," not every potential litigant is aware of their legal courses of action, nor do they automatically race to the courthouse following a potential legal wrong suffered. Dkt. No. 34 at 2 (citations omitted). In similarly striking—but unpersuasive—language, Defendant contends that "[f]iling a lawsuit against a restaurant for poor service is only done by those seeking to win the lawsuit lottery." *Id.* Defendant's "argument" falls on deaf ears. Plainly stated, if Plaintiffs believe they have suffered a legal wrong, they have the right to seek redress in this Court.

To the extent Defendant's proposed Counter Claim and Third Party Claim and the related briefing includes statements attempting to undermine the factual sufficiency of Plaintiffs' case, such efforts amount to argument better saved for summary judgment or trial.

The circumstances present here, even viewed in a light most favorable to the Defendant, do not give rise to an inference of illegal, improper, or perverted use of process or otherwise raise a right to relief above the speculative level. Accordingly, Defendant fails to state a claim upon which relief can be granted and the Court denies its efforts to pursue an abuse of process claim against Plaintiffs.

**Conclusion**

Based on the foregoing, Defendant's motion is without merit and is accordingly **DENIED**.

It is so **ORDERED**.

**SIGNED** on this 9th day of September, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE